UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| POPILUSH, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:26-cv-13054 |

## COMPLAINT

Plaintiff, Popilush, LLC ("Plaintiff" or "Popilush"), hereby sues Defendants, the Partnerships and Unincorporated Associations identified on Schedule "A" (collectively "Defendants") for patent infringement and copyright infringement and alleges as follows:

## INTRODUCTION

1. Plaintiff is the owner of a United States Patent No. 12,302,954 entitled "DRESS WITH BODY-SHAPING FUNCTION" (the "Asserted Patent"). The Asserted Patent was duly and legally issued by the United States Patent Office on May 20, 2025 and is valid, subsisting, and in full force and effect. A copy of the Asserted Patent is attached to this Complaint as **Exhibit A**.

2. Plaintiff has manufactured and distributed its own shapewear dresses embodying one or more claims of the Asserted Patent ("Popilush Products"), and such Popilush Products have been marked with at least the Asserted Patent number pursuant to 35 U.S.C. § 287(a).

3. Plaintiff is also the owner of, with all right, title, and interest in United States Copyright Registration Nos. VA 2-487-576 and VA 2-506-278 (the "Popilush Works"). Copies of the copyright registrations are attached hereto as **Exhibit B**. The registrations are valid, subsisting and in full force

and effect. Upon information and belief, Plaintiff's copyrights have an effective date that predates the Defendants' acts of copyright infringement.

4. Plaintiff brings this action to combat Defendants' acts of infringement of Plaintiff's Asserted Patent and Popilush Works by making, promoting, advertising, offering for sale, selling, and importing shapewear products embodying the patented technology and copying Popilush Works without authorization as shown in **Exhibit C**. These unauthorized products are collectively referred to as the "Infringing Products."

5. Defendants create and operate several e-commerce storefronts intended to be selling genuine Popilush Products, while actually selling Infringing Products to unbeknownst consumers. The Defendants' e-commerce stores share unique identifiers, such as similar product images and specifications, advertising, design elements, and similarities of the Infringing Products themselves, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Furthermore, the Infringing Products all share identical infringing components and configurations that read on one or more claims of the Asserted Patent, which further establishes a logical relationship between the Defendants. *See* **Exhibit D**.

6. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operations. Plaintiff has been and continues to be irreparably damaged from the loss of its lawful patent rights and copyrights as a result of Defendants' actions and seeks injunctive, equitable and monetary relief.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act 35 U.S.C. § 1, *et seq.*, Copyright Act 17 U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)-(b), and 28 U.S.C. § 1331.

8. This Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward and conducts business with consumers throughout the United States, including within this Judicial District, through, at least, the Internet-based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating the seller aliases identified on Schedule A ("Seller Aliases"). Specifically, Defendants are reaching out to do business with Illinois residents by operating the e-commerce stores through which Illinois residents can purchase Infringing Products. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer for sale and sell Infringing Products to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold and shipped Infringing Products to residents within this Judicial District. Each of the Defendants has committed tortious acts and has wrongfully caused Plaintiff substantial injury in the U.S.

9. Venue is proper in this District pursuant to 28 U.S.C § 1391 because Defendants are foreign defendants do not reside in the U.S. and therefore may be sued in any judicial district.

10. Joinder is proper in this matter pursuant to Fed. R. Civ. P. 20(a)(2) and 28 U.S.C. § 299 as Plaintiff's claim for relief arises out of the same transaction, occurrence, or series of transactions or occurrences related to the making, advertising, promoting, offering for sale, and selling of the same Infringing Products, and common questions or law and fact will arise in this action.

## PLAINTIFF

11. Plaintiff, Popilush, LLC, is a limited liability company duly organized and existing under the laws of the State of Virginia with a principal place of business located at 575 8th Avenue, Suite 608, New York, NY, 10018, USA.

12. Launched in 2022, Popilush was founded by Ms. Eve DeMartine. While raising twins, working in the makeup department at Macy's, and saving every penny for her business, Ms. DeMartine spent her nights working to achieve her dream: to launch her own brand and business, Popilush.

13. Since 2022, Popilush has blossomed into one of the most cherished direct-to-consumer fashion shapewear brands. Embraced for its empowering, inviting, and fashion-forward shapewear line for women, Popilush's mission is to promote body positive, comfortable confidence, and commitment to the environment. Popilush's mission is to give all women the freedom and confidence to be themselves every single day with high-quality and affordable shapewear.

14. Popilush's positive business outlook and high-quality products have garnered a massive online following with over 400,000 global followers, 3,500 affiliate marketers, and 1,500,000 dresses sold to date. Popilush currently sells 3 dresses every minute.

15. This rapid success earned Ms. DeMartine the honor of being named to Inc.'s 2025 Female Founders 500 List[1].

16. Popilush's products are distributed and sold online to consumers through retailers throughout the United States, including through authorized retailers in Illinois, the official https://www.popilush.com/ website, and retail channels including Amazon, Nordstrom, Poshmark, eBay, and Alibaba (the "Popilush Products").

17. Popilush Products are also promoted and sold offline, in traditional brick and mortar retail stores, including Nordstrom.

18. Popilush Products are known for their distinctive patented body-shaping technology and designs. This technology is broadly recognized—and sought after—by consumers. In fact, the patented body-shaping technology of Popilush's clothing is a key selling point. Customers actively

[1] *Inc. Names Popilush CEO Eve DeMartine to Its 2025 Female Founders 500 List*, PR NEWSWIRE, (Mar. 11, 2025) (https://www.prnewswire.com/news-releases/inc-names-popilush-ceo-eve-demartine-to-its-2025-female-founders-500-list-302396753.html) ("Inc., the leading media brand and playbook for the entrepreneurs and business leaders shaping our future, today announced its eighth annual Female Founders list, honoring a bold group of 500 women whose innovations and ideas are leading their industries forward including Eve DeMartine, CEO and founder of viral shapewear fashion brand Popilush. These resilient entrepreneurs expressed grit and drive to collectively attract approximately $9 billion in 2024 revenue and $10.6 billion in funding.").

seek out Popilush's patented technology as what distinguishes Popilush's brand, clothing, and business from competitors.

19. The inventions and body-shaping technology claimed in the Asserted Patent, including the patented features embodied in the Popilush Products, are collectively referred to herein as the "Popilush Technology."

20. Popilush has not granted a license or any other form of permission to Defendants to practice the Asserted Patent or to use Popilush Works.

21. Popilush expends considerable resources on its brand, advertising, and developing its customer goodwill. Popilush's patented technology and copyrighted photographs are valuable intellectual property assets that distinguish Popilush and its products from competitors.

## DEFENDANTS

22. On information and belief, Defendants are partnerships and business entities who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

23. On information and belief, Defendants regularly conduct, transact and/or solicit business, and/or derive substantial revenue from their business transactions in the U.S. including this District. Defendants were and/or are systematically directing and targeting their business activities at consumers in the U.S., including Illinois, through accounts with online marketplace platforms as well as any and all as yet undiscovered user accounts, through which consumers in the United States can view Defendants' merchant storefronts, use to communicate with Defendants regarding their listings for and place orders for, receive invoices for and purchase Infringing Products for delivery in the U.S., including this District, as a means for establishing regular business with the U.S., including Illinois.

24. On information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective user accounts, using their merchant

storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale products, including the Infringing Products at below-market prices to consumers in this district.

25. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Illinois.

26. Upon information and belief, Defendants are aware of Popilush Products and are aware that their infringing actions alleged herein are likely to cause injury to Plaintiff.

27. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

28. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' INFRINGING CONDUCT

29. In recent years, Popilush has identified many fully interactive, e-commerce stores, including those operating under the Seller Aliases, offering for sale and selling Infringing Products on online marketplace platforms, including but not limited to, Amazon, Shopify, TikTok, Shein, Alibaba International Station, AliExpress, TEMU, eBay, Wish.com, Walmart, Etsy, DHgate, and Shopline, including e-commerce stores created and operated by and under the Seller Aliases themselves, and further including website hosting providers or website builders such as, but not limited to, GoDaddy, Bluehost, HostGator, Squarespace, Wix, Weebly, BigCommerce, WooCommerce, WordPress.com, and cloud providers ("Third Party Providers").

30. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the seller aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers.

31. E-commerce stores operating under the seller aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal and others.

32. Defendants include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer.

33. On information and belief, Defendants engage in fraudulent conduct when registering seller aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained seller aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

34. On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Infringing Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

35. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under seller aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use. E-commerce stores operating under seller aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO),

advertising tactics, similarities in price and quantities, same incorrect grammar and misspellings, and/or the use of the same text and images.

36. On information and belief, e-commerce stores, such as Defendants, operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Popilush's enforcement.

37. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms, WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

38. Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment that may be awarded to Plaintiff.

39. On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property working in active concert to knowingly and willfully advertise and market their products using Popilush Works in the same transaction, occurrence, or series of transactions or occurrences.

40. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully offered for sale, sold, and imported into the United States the Infringing Products for subsequent resale and use that to infringe one or more claims of the Asserted Patent.

41. Defendants, without authorization or license from Popilush, have jointly, severally, knowingly, and willfully used and continue to use Popilush Works in connection with the

advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and this district over the Internet.

42. Defendants offer shipping to the United States, including Illinois and this Judicial District, and, on information and belief, each Defendant has sold Infringing Products into the United States and Illinois, including this Judicial District, over the Internet.

43. Defendants' infringement of the Popilush Works and Asserted Patent in the making, advertising, offering for sale, and selling the Infringing Products was and remains willful, and is irreparably harming Plaintiff.

**COUNT I**
**PATENT INFRINGEMENT - 35 U.S.C. § 271**

44. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45. Defendants offer for sale, sell, and import into the United States for subsequent sale or use Infringing Products that infringe at least claims 1, 2, 5, 6, and 8-13 of the Asserted Patent and embody the Popilush Technology as shown in Exhibit D.

46. Defendants have infringed the Asserted Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' infringing conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions.

47. Popilush is entitled to recover damages adequate to compensate for the infringement, and all other damages, including Plaintiff's lost profits. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

48. Popilush is entitled to enhanced damages for Defendants' willful infringement under 35 U.S.C. § 284, including up to three times the damages assessed.

49. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the Asserted Patents, Plaintiff will continue to be irreparably harmed.

**COUNT II**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501**

50. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

51. At all relevant times, Plaintiff has been the owner of valid and enforceable Popilush Works, which contain certain copyrightable subject matter under 17 U.S.C. § 101, *et seq*, including but not limited to Popilush Works and derivative works.

52. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a).

53. Popilush Works have significant value and have been created at considerable expense.

54. Defendants do not have any ownership interest in Popilush Works. Defendants had access to Popilush Works via the Internet.

55. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works incorporating Popilush Works on e-commerce stores operating under Seller Aliases. Defendants' derivative works are virtually identical to or substantially similar to Popilush Works. Such conduct infringes and continues to infringe Plaintiff's copyrights in violation of 17 U.S.C. § 501(a) and 17 U.S.C. § 106. Defendants reap the benefits of the unauthorized copying and distribution of the Popilush Works in the form of revenue and other profits that are driven by the sale of unauthorized products.

56. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's copyrights.

57. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to attorneys' fees and costs pursuant to 17 U.S.C. § 505.

58. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights.

## COUNT III
## UNJUST ENRICHMENT

59. Popilush hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

60. Defendants, without authorization or license, have copied, reproduced, distributed, publicly displayed, and sold products and online content derived from Asserted Patent and Popilush Works, including by copying Popilush's website images to sell knockoff products.

61. By engaging in these acts, Defendants have obtained and continue to obtain substantial profits and other benefits at the expense of Popilush, knowing that such use is wrongful and without justification.

62. Equity and good conscience require that Defendants be ordered to disgorge all profits, gains, and benefits they have unjustly received as a result of their infringing and unfair acts, and that Popilush be restored the value of what it has lost. Popilush is entitled to such equitable relief, including restitution and disgorgement of Defendants' ill-gotten gains.

63. Defendants' wrongful conduct has caused, and continues to cause, irreparable harm to Popilush for which there is no adequate remedy at law, and Popilush is entitled to any further equitable relief the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products;

   b. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any product or information that infringes the Asserted Patent or the Popilush Works;

   c. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and

   d. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. copying, distributing, making derivative works of, publicly displaying, offering for sale, and selling copies of the Popilush Works in any manner without the express authorization of Plaintiff;

   b. aiding, abetting, contributing to, or otherwise assisting anyone in copying, distributing, displaying, offering for sale, selling, and/or importing into the United States unauthorized

copies of the Infringing Products; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

3) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to, Temu, TikTok, Shein, Alibaba, and Shopify (collectively, the "Third Party Providers") shall

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of Infringing Products;

b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

c. take all steps necessary to prevent links to the Defendant's e-commerce stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant's e-commerce stores from any search index.

4) That Popilush be awarded equitable relief, including ordering a preservation order through an asset restraint for purposes of holding all ill-gotten gains in a constructive trust pending resolution of this lawsuit, for equitable accounting and disgorgement of any ill-gotten profits, for any restitution of any unjust enrichment Defendants have received from their willful infringement, for purposes of any equitable liens or attachment for asset tracing, and for any and all other equitable remedies, including freezing Defendants' bank accounts where assets are traceable to the conduct Popilush seeks enjoined under these statutes.

5) That Popilush be awarded such damages as it shall prove at trial or otherwise against Defendants that are adequate to compensate Popilush for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants,

together with interest and costs, pursuant to 35 U.S.C. § 284.

6) That the amount of damages awarded to Popilush to compensate Popilush for infringement of the Asserted Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284.

7) As a direct and proximate result of Defendants' infringement of Plaintiff's copyright, Plaintiff is entitled to damages pursuant to 17 U.S.C. §504;

8) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to statutory damages provided by law pursuant to 17 U.S.C. § 504(c);

9) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505; and

10) Award any and all other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury on all issues so triable by jury.

Dated: October 22, 2026

Respectfully submitted,

*/s/Faye Yifei Deng*
Michael A DiNardo
E-mail: mdinardo@yklaw.us
Faye Yifei Deng
E-mail: fdeng@yklaw.us
YK Law LLP
445 S Figueroa St, Suite 2280
Los Angeles, California 90071
Telephone: 213-401-0970

*Attorney for Plaintiff Popilush, LLC*